IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
_____
                              )
BOUCHENTOUF, ET AL.,           )
                              )
     Plaintiffs,               )
                              )
          v.                   )    1:04cv1335 (JCC)
                              )
KEY CAPITAL CORPORATION,       )
                              )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Key Capital Corporation's renewed motion for summary judgment and motion for fees and costs.  For the reasons stated below, the Court will grant Key Capital Corporation's renewed motion for summary judgment and deny Key Capital Corporation's motion for fees and costs.

**I. Background**

This case arises out of the sale of eleven not yet constructed condominium units at the intersection of Gallows Road and Interstate Route 66 in Fairfax County, Virginia to ten named Plaintiffs.  Plaintiffs are individuals who purchased the units from Jade Dunn Loring Metro, LLC, ("Jade") who is not a party to the suit.  Plaintiffs are citizens of Virginia and Defendant Key Capital Corporation, ("Key Capital") is a Maryland Corporation with its principle place of business in Maryland.

-1-

At the time of purchase, Plaintiffs entered into a contract with Jade and made deposits on each unit.  Following the formation of the contracts, Jade fell into extreme financial difficulty - and is now insolvent - and was allegedly induced by others to abandon its efforts to complete construction of the units.  At the time of this motion, Jade has returned to Plaintiffs most of the deposits that it had a statutory obligation to escrow in compliance with Va. Code Ann. § 55-79.95.[1]

Jade had received financing for the development from Key Capital.  Plaintiffs allege that as part of the development loan, Key Capital was permitted to require that Jade place all deposits which Jade received from any contract purchasers with Key Capital.  Key Capital denies ever controlling such deposits and has provided the affidavits of Key Bank President David Wells and Eric Anderson, trustee under the deed of trust recorded against the subject property as security for the loan, to support this claim.  Wells claims that although under the loan agreement Key Capital had the option to hold the deposits, it never exercised or attempted to exercise the option.

The Complaint contains the following counts: (1) civil conspiracy; (2) statutory conspiracy; and (3) conversion.  On December 1, 2004, Defendant Key Capital filed a motion to

---

[1] Va. Code Ann. § 55-79.95 requires deposits, like those at issue here, be held in segregated accounts.

dismiss, or alternatively, motion for summary judgment. Defendant claimed that the case was barred by res judicata, that Plaintiffs could not establish a material dispute of fact as to whether Key Capital ever exercised dominion and control over the deposits, and that the amount in controversy for diversity jurisdiction had not been met. This Court found that Plaintiff had met the amount in controversy requirement and that the instant case was not barred by res judicata. Additionally, the Court denied Key Capital's motion for summary judgment after Plaintiffs alleged that Defendants had converted the deposits and asked for additional time to conduct discovery. Plaintiffs filed an affidavit pursuant to Rule 56(f) attesting that they had not had the opportunity to conduct discovery to challenge the statements in the Wells and Anderson affidavits.

On August 5, 2005, the Defendant filed a Renewed Motion for Summary Judgment and a Motion for Fees and Costs pursuant to Rule 56(g). These motions are currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations

omitted).  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment.  *Anderson*, 477 U.S. at 248-52.  Rather, the Court must determine whether the record as a whole could lead a reasonable trier of fact to find for the non-movant.  *Id.* at 248.

### III. Analysis

The sole issue in this case is whether there is a genuine issue of material fact on whether Key Capital ever exercised dominion and control over certain deposits which Plaintiff's placed with a third-party and which were allegedly held in violation of Virginia law.  Plaintiffs assert that there is a genuine triable issue resulting from Key Capital acting in concert with Trisun Financial Group, LLC ("Trisun") - a non-party from whom Jade received financing - with regard to the misappropriation of the deposits.  In brief, Plaintiffs assert that Trisun extended a loan to Jade and acquired interest in and exercised dominion and control over the deposits from Jade.

Plaintiffs claim that Key Capital was the successor in interest to Trisun's interests in the deposits and the rights and obligations of Trisun with regard to the deposits.  Finally, Plainitffs allege that Trisun and Key Capital acted in concert with one another to misappropriate the deposits.

Having reviewed the exhibits attached to Plaintiffs' brief, the Court finds that there is no genuine issue of material fact that Key Capital ever controlled any deposits or conspired in any way with Jade or Trisun regarding misappropriation.  It is clear that Plaintiffs gave their deposits to Jade and Jade returned the deposits with funds from Trisun.  Nothing within the agreement between Trisun and Key Capital establishes that the parties acted in concert to misappropriate the deposits.  Therefore, Key Capital cannot be held liable when it did not exercise any of the rights they may have inherited from Trisun.  Plaintiffs have provided no evidence to refute the allegations in the Anderson and Wells affidavits, thus there is no genuine issue of material fact in this matter.

Regarding the issue of fees and costs, Federal Rule of Civil Procedure 56(g) provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable

>   attorney's fees, and any offending party or attorney
>   may be adjudged may be adjudged guilty of contempt.

Although Plaintiffs conducted little, if any, discovery following the filing of their Rule 56(f) affidavit, the Court does not find Plaintiffs acted in bad faith or filed the affidavit solely for the purpose of delay.  As such, the Court denies Defendant's Motion for Fees and Costs pursuant to Rule 56(g).

### IV. Conclusion

For the reasons stated above, Defendant Key Capital's renewed motion for summary judgment is granted and Defendant's motion for fees and costs is denied.  An appropriate Order will issue.


September ____, 2005                         /s/
Alexandria, Virginia              James C. Cacheris
                                  UNITED STATES DISTRICT JUDGE